## UNITED STATES DISTRICT COURT OF NEW JERSEY

J.P. Pro Se
255 FranklinAve
Unit 104
Belleville, NJ 07109
973.449.1900
JimmypoL1@aol.com
_____x

J.P.

Plaintiff

V.

STRATEGIC DELIVERY SOLUTIONS,
LLC., DAVID KRONICK, ANDREW
KRONICK, MIKE RUCCIO,
ABC COMPANIES 1-10 (fictitious
designations); XYZ CORPORATIONS
1-10 (fictitious designations),
JOHN DOES 1-10 (fictitious designations),
and ABC TRUST (fictitious designations)

Defendant(s)
_____x

**INDEX NO. 22-CV-07614**

**CIVIL ACTION**

**FILED UNDER SEAL**

## PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

## ARGUMENT

Plaintiff requests withdrawal of the above captioned matter if he cannot at least proceed under a pseudonym, using his initials.

This request clearly satisfies factor #5 <u>The Undesirability of an Outcome Adverse to the Pseudonymous Party and Attributable to His Refusal to Pursue the Case at the Price of Being Publicly Identified</u>, of the Court's balancing test to determine whether reasonable fear of severe harm, outweighs the public interest in open litigation

Essentially, if the plaintiff is seen by the public, in the light of suing his former employer; as well as his protected health and disability information being exposed to future landlords, concerned with ADA or NJLAD compliance expenses, the risk of future employment and housing preclusion are too great for the plaintiff to proceed under his name.

Every U.S. Court case is indexed and exposed on Google, simply by typing a party's name into the search engine.

**This satisfies factor #2,** <u>The Bases Upon Which Disclosure is Feared or Sought to be Avoided, and the Substantiality of these Bases</u>, of the Court's balancing test to determine whether reasonable fear of severe harm, outweighs the public interest in open litigation.

There is absolutely no benefit or public interest in knowing plaintiff's identity. Acts of Congress affirm this explicitly, such as The Privacy Act of 1974; and in spirit, such as HIPAA, ADA and NJLAD.

This satisfies factor #3 <u>The Magnitude of the Public Interest in Maintaining the Confidentiality of the Litigant's Identity</u>, of the Court's balancing test to determine whether

1

reasonable fear of severe harm, outweighs the public interest in open litigation

Defense's introduction fails to point out that the plaintiff's independent contractor status is a fact in dispute; and that plaintiff's pleading was filed anonymously, under seal, concerning, in defense's words "his two references to his purported disability, identifying same by name and describing symptoms associated with same."

There is no legal point to defense's assertion.

Defense's argument, concerning the presumption of open court records violating the first amendment, fails since, defense counsel fails to cognize the subsequent Acts of Congress affording privacy to matters concerning protected health and disability information; such as the Privacy Act of 1974, HIPAA, ADA, as well as the NJLAD seperately.

Plaintiff has clearly satisfied the Court's balancing test

Defense's position is an uninformed attempt to sway the Court.

Last, plaintiff has given cogent reasoning for filing his pleading anonymously; clearly satisfying the burden and standards of (i) fear of severe harm warranting relief; (ii) magnitude of public interest; (iii) why redaction alone does not suffice.

Defense counsel's argument to the contrary fails.

Plaintiff's motion to proceed anonymously, using his initials as a pseudonym should be granted.

Plaintiff disputes defense's characterization of him as an "independent contractor" in their statement of facts; nearly 800 other plaintiff's currently dispute their "independent contractor"

2

status against the above named defendant as well.

See **MARIA TACOAMAN etal v. STRATEGIC DELIVERY SOLUTIONS etal, SDNY 1:15-CV-08410**

**Defense's "Argument I"** standard to file under a pseudonym is opposed by plaintiff since defense counsel naively, and deficiently offers an abundance of case law, concerning the public's right to know, and access to the Court; however, this case law fails to discuss, and definitely does not supercede the Acts Of Congress, specifically enacted to guard protected health and disability information; warranting anonymity in pleadings, as argued in detail in the paragraphs below.

Plaintiff has cogently shown 1. Fear of severe harm
2. That fear of severe harm is reasonable.

Plaintiff has also shown that his protected health and disability information legally supercede cases where courts have permitted parties to proceed under a pseudonym e.g. abortion, birth control etc; which are matters of choice, unlike the plaintiff's health and disability information, which are protected under Acts of Congress; much more significant than a plaintiff choosing to take birth control, as any reasonable person will agree.
See Doe v. Megless, 654 F.3d 404 (3rd Cir. 2011), and Megless, 654 F.3d at 409.

Defense deficiently argues that based on the Court's balancing test to determine whether reasonable fear of severe harm outweighs the public interest in open litigation, plaintiff has articulated no basis to justify the filing of pleadings under a pseudonym. Plaintiff has clearly satisfied the Court's balancing test 1-6 as follows:

3

(1) <u>the extent to which the identity of the litigant has been kept confidential:</u>

At present, plaintiff has named Google as a defendant in a separate, and unrelated action for their breach of Title 42 U.S. Code 1320-6 Wrongful Disclosure Of Individually Identifiable Health Information, HIPAA's Privacy and Security Rule, which precludes transmission and retransmission of an individual's protected information from government databases, Invasion Of Privacy, and The Privacy Act of 1974.

This underscores the need for the Court to ensure that cases involving protected health information permit the use of a pseudonym, since Google prolifically violates the Acts and Rule of Law protections afforded to disabled persons, subsequent to Court case filing and decisions; simply by typing the disabled person's name in their search engine.

(2) <u>the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases</u>:

Plaintiff clearly satisfies this standard, since plaintiff has legitimate fear of severe harm; in so much as plaintiff fears employment preclusion, housing preclusion, relationship harm, mental harm, harassment, ridicule, personal embarrassment, all which violate the NJLAD and ADA; also since the case involves information of the utmost intimacy. Any reasonable person will agree, plaintiff has fear of severe harm.

Significantly, the substantiality of the bases sought is the deference of law; specifically the Acts Of Congress, statutes and laws which were specifically designed to protect disabled persons and protected health information; as argued in detail below.

4

These rules were established for vigilant use and adherence by the Court; not blase or latitudal application, at the discretion of different Judges.

(3) <u>the magnitude of the public interest in maintaining the confidentiality of the litigant's identity:</u>

Clearly, Congress has already determined the magnitude of public interest in maintaining the confidentiality of disabled persons, and protected health information, by enacting laws, specifically designed to ensure such protections; as argued in detail below.

(4) <u>whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities:</u>

Under normal circumstances, the public has "right of access" <u>In Re Avandia</u>, 924 F. 3d 662 (3rd Cir. 2019). However, in this instant matter, this right is atypically weak since Congress passed the Acts asserted in this claim, specifically to protect the identity of protected health information and disabilities - this information is fundamental to plaintiff's claim. There will be numerous assertions, testimony, and medical reports exchanged in this matter concerning the topic of plaintiff's protected health information, and disability; which under law, should not be exposed to the public. The use of a pseudonym is clearly warranted to conceal the plaintiff's identity.

(5) <u>the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified:</u>

Exposure of protected health, and disability information is undesirable and adverse to the extent Congress passed several Acts precluding it; evincing the undesirability, and adverse

5

conditions, exposure of such information has on parties, such as the plaintiff. The risk of public identification clearly attributes to plaintiff refusing to move forward with this claim, at the price of being identified, as discussed above.

(6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives:

Plaintiff has a right to keep his protected health and disability information private, as discussed above; there is no intentionally hidden motive.

Defense's argument I offers no application to the details of why plaintiff's claim should be permitted to proceed under a pseudonym. It is not a legal argument, and should therefore be stricken

**Defense's "Argument II"** plaintiff cannot sustain his burden to file anonymously also fails, since it is a mistruth, as proofed above, in factors 1-6, of plaintiff satisfying the Court's balancing test.

Plaintiff clearly satisfies all six factors; unlike the defense's assertion of plaintiff satisfying two.

Defense counsel also fails to cognize the Court's latitude, on placing more importance on specific factors over others.

These are factors of a balancing test by very definition; not stringent statutory rules.

**Defense's "argument IIA" plaintiff has failed to identify the bases upon which disclosure is feared or sought to be avoided** is a bogus assertion, perplexing to the point that plaintiff has concerns as to whether or not defense counsel took the time to read plaintiff's motion papers.

Plaintiff eloquently avered the bases for this, in factor #2 as follows:

(2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases:

6

Plaintiff clearly satisfies this standard, since plaintiff has legitimate fear of severe harm; in so much as plaintiff fears employment preclusion, housing preclusion, relationship harm, mental harm, harassment, ridicule, personal embarrassment, all which violate the NJLAD and ADA; also since the case involves information of the utmost intimacy. Any reasonable person will agree, plaintiff has fear of severe harm.

Significantly, the substantiality of the basis sought is the deference of law; specifically the Acts Of Congress, statutes and laws which were specifically designed to protect disabled persons and protected health information; as averred above.

These rules were established for vigilant use and adherence by the Court; not blase or latitudal application, at the discretion of different Judges.

Defense's characterization of plaintiff's reasoning as conclusory fails, since it conveniently excludes mention of plaintiff's motion Exhibit C, explicitly showing plaintiff's recent employment preclusion.

In addition, defense's argument fails, for not considering the reasonable person standard; whereas, any reasonable person would agree, that it is reasonable for plaintiff to be fearful of future employment preclusion, considering the facts of this case, and plaintiff suing his former employer, being exposed to the public at large. Essentially, any reasonable person would agree this warrants the use of a pseudonym.

This is patently true.

A reasonable person would also agree that plaintiff's protected health and disability information, being exposed to future landlords, concerned with ADA or NJLAD compliance

7

expenses, is reasonable grounds for plaintiff to be fearful of future housing preclusion.

Every U.S. Court case is indexed and exposed on Google, simply by typing a party's name into the search engine.

Plaintiff's argument is clear and convincing; exceeding any preponderance standard.

Defense's argument appears to be a regurgitated-cut and paste response, without specifically highlighting any details in contra to plaintiff's well reasoned averments.

Defense roots its argument in case law which determines embarrassment and potential criticism as insufficient grounds for pseudonym use; however, the plaintiff has not based his argument for pseudonym use on either premise.

Defense has a clear challenge in connecting the dots.

This is clearly non-sequitur.

Plaintiff has already established a clear and convincing showing of a genuine risk of physical harm, since housing is a physiological-bare-necessity, needed for an individual's survival. Hence, disability information, being exposed to future landlords, concerned with ADA or NJLAD compliance expenses, which may preclude housing satisfies a showing of genuine risk of physical harm; since homelessness causes physical risk to the elements.

As discussed, the litigation entails revelation of highly private and personal information; and relief sought would be defeated by revealing the party's identity; defense's case law goes on to indicate "or other substantial reasons why identification of the party would be improper;" clearly affording the widest of latitude to the Court, in consenting to a party's use of a

pseudonym.

See A.B.C v. XYZ Corp., 282 N.J. Super. 494, 505 (App. Div. 1995)

Again, defense offers case law, without substantial correlation to defeat the specifics of plaintiff's argument.

Defense then offers case law that supports plaintiff's argument. See In re Tr. Created by Johnson, 299 N.J. Super. 415, 423, 691 A.2d 391 (App. Div. 1997) when an application is filed with the Court that pertains to a purely private matter, an Order sealing the submissions may be appropriate. (financial information submitted to the trustees in support of a discretionary distribution from a trust created for the benefit of the beneficiary and her family may be sealed because of absence of any meaningful public interest in a private trust dispute).

Plaintiff's case clearly satisfies this standard, as there is no meaningful public interest in knowing his protected health and disability information; essentially, plaintiff's situation trumps a private trust dispute, which has no such protections from Acts of Congress.

Defense cluelessly concludes their Argument IIA by stating " Plantiff has presented no fact or evidence of the specific harm he claims he will suffer if his identity is revealed."

This perplexingly misses the specific arguments plaintiff has made, concerning factors 1-6 above, and in plaintiff's original moving papers.

<u>The fact that defense counsel fails to defend against plaintiff's specific arguments, deems them admitted</u>.

Defense's cut and paste approach, along with merely listing case law, does not suffice as a

defense.

## Defense's "argumemt IIB the magnitude of the public interest in maintaing the confidentiality of plaintiff's identity"

Defense counsel now outrageously attempts to use plaintiff's prior request to his former employer, for an accomodation, based on his disability, as grounds to deny plaintiff's present motion to the Court, to permit him to proceed anonymously, to prevent his protected health and disability information from being exposed to the public at large, out of fear of housing and employment preclusion.

Any reasonable person would agree, that in order to receive an accommodation from an employer, based on a disability, one must or will expose that disability to the said employer; without relinquishing a future possibility of litigating the matter under a pseudonym, to protect the information from <u>the public at large.</u>

Unlike defense's illogical propagation, there is absolutely no correlation between the two scenarios; as it relates to some type of preclusion of the latter.

What defense proffers is not grounded in law.

The fact that the former employer (defendants) refused to entertain the accommodation, or make communication of its need to one of its contractors, is in no way exculpatory, as defense counsel suggests; to the contrary; plaintiff's former employer, had full hands on access, and latitude, to effect the accommodation, but chose not to.

The case law offered clearly states that "...a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties... such information voluntarily provided... to their employer...is expressly not confidential under the ADA...health information

10

is only confidential under the ADA if it was provided…in response to a medical inquiry or exam… If the employee voluntarily divulges the medical information…without the employer specifically demanding the information

first, or if the employer otherwise obtains the medical information outside the context of a medical inquiry or examination, then the employer has no duty to keep that information confidential.

This is the best argument made by defense counsel, however, it is sophistic, and doesn't overcome issues of fact or law.

Specifically, plaintiff had prior conversations with one of his managers; whereas that manager, specifically demanded to know, "what is wrong with your eyes," as it related to a previous delivery error; explicitly referenced in defense counsel's own Exhibit A.

This fact clearly suffices confidentiality under the ADA, as defense's own case law listed under "argument IIB" of their response confirms.

In addition, none of what defense proffers would restrict the Court from permitting the plaintiff from proceeding under a pseudonym.

Even if it were true, it would simply enable the former employer to discuss the plaintiff's disability freely.

Last, defense is in error in suggesting redaction alone suffices, since the claim would be indexed in Google searches, simply by typing plaintiff's name in the search engine; whereas any person of average intelligence would be able to decipher plaintiff having a disability, and a claim against a former employer.

This would also entail the cumbersome task of redacting all previous document

11

exchanges, and attachments that have already been filed with the Court.

Also, plaintiff proceeding anonymously has no bearing on defense's ability to argue the "independent contractor" controversy. They are already aware of plaintiff's identity; any further confirmations of such can be made in camera with the Judge present.

## CONCLUSION

Defense counsel has not made one valid argument in contra to plaintiff proceeding under a pseudonym. This appears to be more of a billable event for the defense to participate in. Their desire for the public at large to be aware of their own client being sued is completely iniquitous, serves their own advertising interest, and raising significant ethics concerns.

For all aforementioned reasons, plaintiff should be permitted to proceed under a pseudonym.

## CERTIFICATION

I certify that the aforementioned made by me is true to the best of my knowledge, I am aware if any are wilfully false, I may be subject to punishment.



November 14, 2023

2023 NOV 15 P 3:47
RECEIVED
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
CLERK